Thomas J. HENRY, Attorney ad litem for and Guardian of the Estate of Vernie Rawlings, and Katie and John Liebriech, Individually and as Guardians of the Person Vernie Rawlings, Relators,

v.

The Honorable John LAGRONE, Judge, 69th District Court, and Diane Thompson, District/County Clerk of Hartley County, Texas, Respondents.

No. 07–92–0247–CV.

Court of Appeals of Texas, Amarillo.

Oct. 1, 1992.

Rehearing Denied Jan. 7, 1993.

Canty & Hanger, David C. Bakutis, Mark W. Sullivan, Fort Worth, for relators.

Daugherty & Associates, Virginia Ellen Daugherty, Amarillo, Lovell & Lyle, P.C., J.R. Lovell, Dumas, for respondents.

Before REYNOLDS, C.J., and DODSON and POFF, JJ.

POFF, Justice.

In this original mandamus proceeding, relators ask this court to direct Judge John LaGrone of the 69th District Court in Hartley County to withdraw a writ of prohibition. Additionally, relators ask this court to direct Diane Thompson, 69th District Clerk, to transfer a certain cause pending in the 69th District Court to Tarrant County. We will conditionally grant the writ of mandamus.

A review of pertinent procedural facts is necessary to a proper understanding of the case. Vernie Rawlings is an elderly woman who is legally incompetent. On June 22, 1988, the Tarrant County Probate Court No. 2 entered an agreed judgment naming John and Katie Liebriech, Ms. Rawlings' grandson and wife, as her personal guardians. The same judgment found that all of Ms. Rawlings' property was in a trust established by Ms. Rawlings for her use and benefit. John R. Frantz was found to be the trustee of the trust. The court found no need for a guardianship of Ms. Rawlings' estate.

According to the annual report of Ms. Rawlings' guardians made on August 17, 1990, Frantz had informed the nursing home where Ms. Rawlings resided that she was "out of money." The probate court appointed Thomas J. Henry as Ms. Rawlings' attorney ad litem to investigate Frantz's claim. Henry concluded that the trust was not yet depleted and that Frantz had possibly violated fiduciary duties owed to Ms. Rawlings. Henry recommended that the court "authorize suit against John Frantz to remove him as trustee."

On May 2, 1991, the court ordered the trust to pay attorney's fees to Henry. Frantz, as trustee of the trust, ignored the order to pay Henry. Motions for contempt were filed to compel Frantz to obey the May 2 order as well as a previous order. As part of his response to the motions for contempt, Frantz filed a motion to transfer venue from Tarrant County Probate Court No. 2 to a court of appropriate jurisdiction in Hartley County. The probate court denied Frantz's motion.

Subsequently, Henry filed an application to appoint a guardian of Ms. Rawlings' estate. On August 16, 1991, Frantz filed a response to the application. Henry was eventually appointed as guardian of the estate. Also on August 16, Frantz filed an original petition for declaratory judgment in the 69th District Court of Hartley County. By means of his petition, Frantz requested the 69th District Court to approve the trust agreement and validate various transfers from Ms. Rawlings to Frantz. Henry and the Liebrieches filed in the 69th District Court a motion to transfer venue to Tarrant County. Nearly six months later, the 69th District Court denied the motion.

In April of 1992, the proceedings in Tarrant County Probate Court No. 2 were transferred to Tarrant County Probate Court No. 1. On April 16, 1992, Henry and the Liebrieches filed in the probate court their "Motion for Transfer and for Consolidation of Proceedings Pursuant to Section 5B, Texas Probate Code." Seven days later, the Tarrant County Probate Court No. 1 entered an order that the declaratory judgment action in the 69th District Court be transferred to the probate court. The order also commanded the clerk of the 69th District Court to deliver all orders and papers regarding the declaratory judgment action to the probate court within ten days.

On May 4, 1992, Frantz filed documents in the 69th District Court seeking a writ of prohibition prohibiting the 69th District Clerk from transferring "Cause No. 3423" (the declaratory judgment action) to Tarrant County Probate Court No. 1. The court granted the writ of prohibition at an ex parte hearing the same day.

Subsequently, Henry and the Liebrieches (relators) have come to this court seeking

extraordinary relief against the judge and clerk of the 69th District Court (respondents). Relators implore us to issue a writ of mandamus directing the judge to withdraw his writ of prohibition and directing the clerk to transfer the declaratory judgment cause of action to Tarrant County Probate Court No. 1. In deciding whether a writ of mandamus should issue, we must examine section 5B of the Texas Probate Code.

Section 5B declares:

A judge of a statutory probate court on the motion of a party to the action or on the motion of a person interested in an estate, may transfer to his court from a district, county, or statutory court a cause of action appertaining to or incident to an estate pending in the statutory probate court and may consolidate the transferred cause of action with other proceedings in the statutory probate court relating to that estate.

Tex.Prob.Code Ann. § 5B (Vernon Supp. 1992). Relators contend that, pursuant to section 5B, the judge of the Tarrant County Probate Court No. 1 properly ordered the transfer of the declaratory judgment action in the 69th District Court to the probate court. Therefore, relators argue that the 69th District Court's writ of prohibition should not have issued. We agree.

Section 5B authorizes the judge of a statutory probate court to transfer a cause of action to his court when the following four conditions exist:

1. The court exercising the power to transfer a cause of action under section 5B is a statutory probate court.
2. There is an estate pending in the statutory probate court.
3. There is a cause of action pending in a district, county or statutory court; and
4. That cause of action is appertaining to or incident to the estate pending in the statutory probate court.

In the present case, it is undisputed that the first and third conditions exist. Respondents initially contend, however, that there was no estate pending in the statutory probate court.

As mentioned earlier, Henry filed an application to appoint a guardian of Ms. Rawlings' estate. This application was filed on July 26, 1991. Less than a month later, Frantz filed his declaratory judgment action in the 69th District Court. On the basis of these facts, relators maintain "[t]here is no question that there was a guardianship proceeding pending in Probate Court Number One of Tarrant County, Texas, at the time the Petition for Declaratory Judgment was filed in Hartley County."

The basis for respondents' contention that there was no estate pending in the probate court is that the probate court's agreed judgment of June 22, 1988, recited that "[n]o guardian of the Estate shall be appointed and that there is no necessity for a Guardianship of the Estate of the Ward." Respondents argue that the agreed judgment disposed of all property issues and closed the administration of Ms. Rawlings' estate. Therefore, respondents contend there was no estate of Vernie Rawlings and there were "no pleadings appertaining to an estate or incident to an estate or otherwise to which [the declaratory judgment action] can be transferred or consolidated." Respondents' position is that the agreed judgment declared there was no estate of Vernie Rawlings, that the agreed judgment operated to end all controversy between the parties, and that the agreed judgment forecloses any further litigation regarding the estate of Ms. Rawlings. There being no estate, the probate court had no authority by which to transfer to itself any pending matter pursuant to section 5B.

We do not find that the trial court's agreed judgment declared that there was no estate of Vernie Rawlings. Rather, we interpret that judgment to have found that while there was an estate, no guardian of the estate need be appointed. Subsequently, Ms. Rawlings' attorney ad litem determined that a guardian of the estate might be necessary and he moved the probate court for the appointment of a guardian. We find that once this motion was before the statutory probate court, the estate of

Vernie Rawlings was pending before that court. The second condition authorizing the judge of a statutory probate court to transfer a cause of action to his court was met.

■ We move now to a determination of whether the cause of action pending in the 69th District Court was appertaining to or incident to the estate of Vernie Rawlings. Frantz's petition for declaratory judgment asks in part for the following relief:

1. A declaration that [the warranty deed transferring certain real estate from Vernie Rawlings to John R. Frantz, and the trust agreement of which Vernie Rawlings was the grantor and beneficiary] are good, valid and binding on all parties and that John R. Frantz has properly and lawfully managed such trust.

2. That title to and ownership of the property, minerals and royalty described in [the warranty deed and mineral deed that transferred ownership to John R. Frantz] are vested in John R. Frantz.

We find that the relief which respondents seek in their declaratory judgment action is "appertaining to or incident to an estate" as that term is defined for purposes of section 5B. Section 5A(b) of the Texas Probate Code defines "appertaining to estates" and "incident to an estate" as including, *inter alia*, "all actions for trial of title to land incident to an estate and for the enforcement of liens thereon incident to an estate, all actions for trial of the right of property incident to an estate ... and generally all matters relating to the settlement, partition, and distribution of estates of wards and deceased persons." Tex. Prob.Code Ann. § 5A(b) (Vernon Supp. 1992). Frantz's petition for declaratory judgment is clearly an action "for trial of the right of property incident to an estate." The fourth condition authorizing the judge of a statutory probate court to transfer a cause of action to his court was met.

■ Respondents argue that under Tex. Civ.Prac. & Rem.Code Ann. § 15.011 (Vernon 1986) and Tex.Prop.Code Ann. § 115.-002 (Vernon 1984), venue for Frantz's declaratory judgment action is proper only in

Hartley County. Section 15.011 of the Texas Civil Practice and Remedies Code is a mandatory venue statute which states:

Actions for recovery of real property or an estate or interest in real property, for partition of real property, to remove encumbrances from the title to real property, or to quiet title to real property shall be brought in the county in which all or a part of the property is located.

Frantz's declaratory judgment suit seeks an adjudication of matters involving real property located in Hartley County. Therefore, respondents contend that venue is proper only in Hartley County and is not proper in Tarrant County.

Respondents make the same argument on the basis of section 115.002(b) of the Texas Property Code which declares that in proceedings concerning trusts, "if there is a single, noncorporate trustee, venue is in the county in which the trustee's residence is located." In this case, Frantz is a single, noncorporate trustee and his residence is in Hartley County, Texas. Frantz's petition for declaratory judgment most definitely concerns a trust. Surely, respondents argue, the above-cited statutes mandate that the declaratory judgment action remain in Hartley County.

We are not persuaded by respondents' argument. Section 5B of the probate code is not a venue statute. If the four conditions authorizing the judge of a statutory probate court to transfer a cause of action to his court are met, then the judge has authority to transfer the case notwithstanding mandatory venue provisions and the like. The purpose of Section 5B is to allow a statutory probate court to consolidate all causes of action which are incident to an estate so that the estate can be efficiently administered. Judicial economy is thereby served. *See* Ernest E. Figari, Jr., Thomas A. Graves & A. Erin Dwyer, *Texas Civil Procedure*, 38 Sw. L.J. 421, 422 (1984). The aims of section 5B would be thwarted if that section did not authorize the statutory probate court to transfer to itself causes of action that were originally filed in proper venues.

■ We conclude that section 5B of the probate code authorized the judge of

the Tarrant County Probate Court No. 1 to order that the declaratory judgment action pending in the 69th District Court be transferred to the probate court. Because the probate court judge was authorized to transfer the cause, the only proper course of action for the judge of the 69th District Court to take when presented with Frantz's request for a writ of prohibition was to deny the motion. Since the 69th District Judge did not deny Frantz's request, the judge abused his discretion. A trial court "abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985, orig. proceeding); *Chamberlain v. Cherry,* 818 S.W.2d 201, 204 (Tex.App.—Amarillo 1991, orig. proceeding). A relator must establish that the facts and law of the case permit the trial court to make only one decision. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d at 917; *Chamberlain v. Cherry,* 818 S.W.2d at 204.

We are confident that the 69th District Court Judge will withdraw the writ of prohibition he issued. We are also confident that the 69th District Clerk will obey the order of the Tarrant County Probate Court No. 1 to transfer Frantz's declaratory judgment cause of action to that court. A writ of mandamus will issue only if the judge and the clerk fail to act in accordance with our expectations.