In re Sam J. RAMSEY, Temporary Administrator of the Estate of Cecil Ray Lesley, Deceased; Chase Bank of Texas, N. A., Permanent Administrator of the Estate of Cecil Ray Lesley, Deceased; and H & L Ranch, an Alleged Partnership.

No. 06–00–00105–CV.

Court of Appeals of Texas, Texarkana.

Submitted July 18, 2000.

Decided Aug. 3, 2000.

John Alan Goren, Robert C. Prather, Sr., Jerry N. Jordan, Jordan, Dunlap, Prather & Harris, LLP, John R. Mercy, Mercy, Carter & Elliott, LLP, Texarkana, Edward V. Smith, III, Graham, Smith & Lindquist, LLP, Dallas, for relator.

Jesse L. Nickerson, III, Nickerson Law Office, Paris, for real party in interest.

Marvin Ann Patterson, Jim D. Lovett, Paris, for respondent.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice WILLIAM J. CORNELIUS.

In this original proceeding, we consider the petition of Sam J. Ramsey and Chase Bank of Texas, relators, for a writ of mandamus to the Honorable Jim D. Lovett, judge of the Sixth Judicial District Court of Lamar County, and Marvin A. Patterson, the district clerk of Lamar County.

Relators request this Court to order the district court to vacate its order overruling their motion to dismiss a suit filed by the real party in interest, Nita Hodges, heir of the estate of Kenneth Hodges. Nita

Hodges filed suit ("the partnership suit") in the district court to establish the existence of an oral partnership between Cecil Lesley and Kenneth Hodges, and to wind up that partnership. Alternatively, relators request this Court to order the district court to vacate its order overruling relators' motion to transfer venue and its order setting the case for trial and appointing a receiver, and to direct the district court and the district clerk to transfer the partnership suit to Dallas County Probate Court No. 3 ("the probate court").

Kenneth Hodges died on February 8, 1999. No administration was taken on his estate. Cecil Lesley died on November 22, 1999. On November 24, Ramsey applied for a temporary administration of Lesley's estate in the Dallas County Probate Court No. 3. The probate court granted temporary administration and appointed Sam Ramsey temporary administrator.

Nita Hodges filed her suit on January 18, 2000. She alleged that Cecil Lesley and Kenneth Hodges formed their partnership in the beginning of 1987; that the partnership involved land, cattle, equipment, and livestock; and that when Kenneth Hodges died, she gave notice to Lesley requesting that the partnership tender payment of the redemption price for Kenneth Hodges' partnership interest. She also alleged that Lesley and, later, Ramsey acted in bad faith in refusing to tender payment. She prayed that a receiver be appointed to wind up the partnership, that she be awarded damages for Lesley's and Ramsey's bad faith, and for costs and attorney's fees. She did not present her claim in the probate court.

On February 2, the probate court appointed Chase Bank as permanent administrator of Lesley's estate. On February 4, Chase filed in the probate court a motion to transfer the partnership suit from the district court to the probate court. The probate court granted Chase's motion on March 27.

On February 7, Ramsey and H & L Ranch responded to Hodges' petition in the partnership suit by filing a motion to transfer venue from the district court to the Dallas County probate court where the Lesley estate was being administered, a motion to dismiss for lack of jurisdiction, a motion to abate, and original answers subject to their motions. Chase Bank was added to the partnership suit by writ of *scire facias* and filed an answer, and all defendants then filed amended motions to transfer venue, to dismiss, and to abate.

On March 27, the district court heard and overruled the relators' motions to transfer the partnership suit to the Dallas County probate court. The district court also announced that it was overruling their motions to dismiss and to abate. That afternoon, the probate court heard and granted Chase's motion to transfer the partnership suit from the district court to the probate court. Hodges' counsel did not appear at the probate court hearing.

Hodges applied for the appointment of a receiver in the district court when she learned that the relators had filed a motion in the probate court seeking to lease real property she alleged was part of the partnership property. On June 28, the district court held a hearing on the appointment of a receiver in the partnership suit.

The district court first refused to rule on the defendants' motions for reconsideration of its March 27 rulings. Nevertheless, it is clear that the district court was aware of the probate court's action in ordering the transfer of the partnership suit. The district court then appointed a receiver and scheduled the partnership suit for trial on September 11.

■ Mandamus issues only to correct a clear abuse of discretion or a violation of a duty imposed by law when there is no adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992); *In re Turner Bros. Trucking Co.*, 8 S.W.3d 370, 373 (Tex.App.Texarkana 1999, orig. proceeding). We therefore must determine whether (1) the district court abused its discretion in refusing to dismiss or trans-

fer the partnership suit, and (2) whether the relators have an adequate remedy by appeal. *In re Turner Bros. Trucking Co.,* 8 S.W.3d at 373; *Houston Chronicle Publ'g Co. v. Crapitto,* 907 S.W.2d 99, 102 (Tex.App.-Houston [14th Dist.] 1995, orig. proceeding).

■ With respect to the resolution of factual issues or matters committed to the district court's discretion, we may not substitute our judgment for that of the district court. *Brady v. Fourteenth Court of Appeals,* 795 S.W.2d 712, 714 (Tex.1990). The relators must establish that the district court could reasonably have reached only one decision. *Walker v. Packer,* 827 S.W.2d at 840.

■ Our review is much less deferential with respect to the district court's determination of the legal principles controlling its ruling, because "[a] trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Huie v. DeShazo,* 922 S.W.2d 920, 927 (Tex.1996); *Walker v. Packer,* 827 S.W.2d at 840. Consequently, the district court's erroneous legal conclusion, even in an unsettled area of law, is an abuse of discretion. *Huie v. DeShazo,* 922 S.W.2d at 927–28.

■ Hodges contends that venue for her suit against the partnership was appropriate in Lamar County because that is where the property is located and that is where the acts or omissions of the estate representative occurred. Under the venue statute, she contends, the district court had no authority to transfer the suit to the probate court as relators requested.

Section 5B of the Texas Probate Code [1] expressly authorizes a statutory probate court, such as the Dallas County Probate Court No. 3, to transfer a suit

pending in a district or other court when that suit is one in which a personal representative of an estate pending in that probate court is a party. *Greathouse v. McConnell,* 982 S.W.2d 165, 171 (Tex.App.-Houston [1st Dist.] 1998, pet. denied).

Although venue of the partnership suit may have been appropriate in Lamar County, the express transfer authority granted by Section 5B applies notwithstanding the venue statutes. *See Henry v. LaGrone,* 842 S.W.2d 324 (Tex.App.-Amarillo 1992, orig. proceeding). When faced with the probate court's transfer order, the district court was required to transfer the suit.

In *Henry v. LaGrone,* 842 S.W.2d at 325–26, relators sought a writ of mandamus against the judge of a district court who issued a writ of prohibition preventing compliance with a statutory probate court's order to transfer a declaratory judgment action from the district court. The court of appeals held that, though venue was appropriate in the district court, Section 5B of the Texas Probate Code authorized the statutory probate court to transfer the suit notwithstanding any mandatory venue provisions. *Id.* at 327; *see also In re J7S Inc.,* 979 S.W.2d 374, 377–78 (Tex.App.-Houston [14th Dist.] 1998, orig. proceeding), and *Lanier v. Stem,* 931 S.W.2d 1, 2–3 (Tex.App.Waco 1996, orig. proceeding) (cases construing Section 608 of the Texas Probate Code, a provision for transfer of guardianship estates, worded identically to Section 5B).

■ Hodges portrays this case as a conflict between the Probate Code and the Uniform Partnership Act. She contends that she is not seeking recovery against the estate or damages from the adminis-

---

1. Tex. Prob.Code Ann. § 5B (Vernon Supp. 2000) provides:

A judge of a statutory probate court, on the motion of a party to the action or on the motion of a person interested in an estate, may transfer to his court from a district, county, or statutory court a cause of action appertaining to or incident to an estate

pending in the statutory probate court or a cause of action in which a personal representative of an estate pending in the statutory probate court is a party and may consolidate the transferred cause of action with the other proceedings in the statutory probate court relating to that estate.

trators, but that her suit is against the partnership, and any recovery will be only from the partnership property. Her claim of bad faith against the administrator is limited, she contends, under Article 6132b–7.01(r) of the Uniform Partnership Act,[2] to recovery of attorney's fees and costs of appraisers and other experts. Therefore, she argues, she could not have brought the action in the probate court because she has no claim against the estate.

■■■ We disagree. Hodges could have filed her action in the probate court because she is a person interested in the estate. Probate proceedings are actions *in rem. Mooney v. Harlin*, 622 S.W.2d 83, 85 (Tex.1981); *In re Estate of York*, 951 S.W.2d 122, 126 (Tex.App.Corpus Christi 1997, no pet.). The Probate Code allows joinder of all persons interested in an estate if they file opposition in writing. TEX. PROB.CODE ANN. § 10 (Vernon 1980). An interested person is one who "has some legally ascertained pecuniary interest, real or prospective, absolute or contingent, which will be impaired or benefited, or in some manner materially affected, by the probate [proceeding]." *Logan v. Thomason*, 146 Tex. 37, 202 S.W.2d 212, 215 (1947); *In re Estate of York*, 951 S.W.2d at 126. Because Hodges had an interest in property controlled by the estate that would be affected by the administration, she had a pecuniary interest in the probate proceedings.

This case does not present a conflict between partnership law and probate law. Rather, it presents a conflict between two courts over which will resolve a dispute involving partnership law. Though partnership law and probate law are distinct, the provisions of Section 5B of the Texas Probate Code are not limited to probate matters. Indeed, the Texas Supreme Court has allowed the transfer of a divorce proceeding to a statutory probate court under Section 608, which is worded identically to Section 5B. *In re Graham*, 971 S.W.2d 56, 59 (Tex.1998). The *Graham* court noted that the Legislature's persistent expansion of probate court jurisdiction is evidence of its intent to resolve claims appertaining to an estate in a single court. *Id.* at 59–60.

Hodges argues that there are important policy reasons for maintaining the suit in the district court. First, she contends, conferring jurisdiction on a statutory probate court would then deprive any other court of subject matter jurisdiction, whether or not the parties sought transfer. A losing party could then appeal and obtain a second "bite at the apple" by claiming that the trial court lacked subject matter jurisdiction. Second, Hodges argues that the personal representative is now in the position of representing both the partnership and the estate, which presents a conflict of interest. She contends that the appointment of a receiver is necessary to remedy that conflict.

■■ Hodges is correct in her position that the effect of the Legislature's actions is to allow a party to challenge the subject matter jurisdiction of a district court where the Probate Code gives the statutory probate court jurisdiction. The Texas Supreme Court recognized this principle in *Bailey v. Cherokee County Appraisal Dist.*, 862 S.W.2d 581, 585–86 (Tex.1993), when it held that the district court did not have subject matter jurisdiction over a suit against the heirs of an estate when there was an estate action pending in another

---

2. TEX.REV.CIV. STAT. ANN. art. 6132b–7.01(r) (Vernon Supp.2000) provides:

    (r) Suit by Transferee. A transferee may maintain an action against a partnership to determine the redemption price of the transferee's interest. The court shall determine the redemption price of the transferee's interest and accrued interest and enter judgment for payment or refund. If the

court finds that the partnership acted arbitrarily, vexatiously, or not in good faith, including failure to make payment, the court may assess reasonable attorney's fees and the fees and expenses of appraisers or other experts for a party to the action, in amounts the court finds equitable, against the partnership.

court. As the court observed in *Henry v. LaGrone,* 842 S.W.2d at 327, Section 5B's purpose is to allow consolidation of all causes of action incident to an estate in the statutory probate court in order to promote efficient administration of estates and judicial economy.

As to Hodges' concerns about a conflict of interest, we perceive no conflict of interest that is revealed in the record. Nor has Hodges demonstrated that any actual conflict exists. Rather, her concerns are about competing interests between the estate and the partnership over the partnership property. In that situation, presumably the administrator will act in the estate's best interest, while Hodges will assert her claims in her own interest. The probate court will act to resolve any disputes. In short, this case presents nothing different than is encountered in the disposition of any claim against estate property made in a probate proceeding.

■ The Legislature amended Section 5B of the Probate Code in 1999 to explicitly allow a statutory probate court to transfer "a cause of action in which a personal representative of an estate pending in the statutory probate court is a party."[3] That amendment became effective on September 1, 1999, and applies to a motion to transfer filed on or after that date.[4] The motion to transfer was filed in the probate court on February 7, 2000. The personal representative of the Lesley estate is a party to the partnership suit. Therefore, the transfer order was valid.

There is an additional reason why the probate court's order of transfer pursuant to Section 5B of the Probate Code is valid. The partnership suit in the district court is a suit appertaining to the Lesley estate as that term is used in Section 5B. The partnership suit potentially affects the classification and distribution of estate property, thus, for that reason alone, making it a suit appertaining to an estate. *See Pullen v. Swanson,* 667 S.W.2d 359, 362 (Tex.App.-Houston [14th Dist.] 1984, writ ref'd n.r.e.).

In this connection, Hodges contends that the partnership suit involves only property of the partnership and not the estate, because property of the partnership is partnership property, not the property of the individual partners. But Article 6132b–5.04 of the Uniform Partnership Act[5] provides that on the death of a partner, the spouse, heirs, or personal representative of the deceased partner succeed to the partner's interest in the partnership property. Thus, the partnership suit affects estate property.

■ Mandamus is ordinarily available to resolve a conflict in jurisdiction between courts of coordinate jurisdiction only when the trial court first taking jurisdiction has been prohibited from proceeding, e.g., when the second court enjoins the parties from taking any more action in the first court. *Abor v. Black,* 695 S.W.2d 564, 567 (Tex.1985); *Curtis v. Gibbs,* 511 S.W.2d 263, 267 (Tex.1974). Questions of dominant jurisdiction may generally be reviewed adequately by appeal when both courts proceed with their separate actions without attempting to hinder the other court's jurisdiction. *See Hall v. Lawlis,* 907 S.W.2d 493, 494 (Tex.1995); *Abor v. Black,* 695 S.W.2d at 567. But when one court directly interferes with the jurisdiction of the other, mandamus becomes an appropriate remedy. *Hall v. Lawlis,* 907 S.W.2d at 494; *Abor v. Black,* 695 S.W.2d at 567. To the extent that one court's attempt to divest the other of jurisdiction

---

3. Act of May 20, 1999, 76th Leg., R.S., ch. 1431, § 1, 1999 Tex. Gen. Laws 4876.

4. Act of May 20, 1999, 76th Leg., R.S., ch. 1431, § 3, 1999 Tex. Gen. Laws 4876.

5. TEX.REV.CIV. STAT. ANN. art. 6132b–5.04(b) (Vernon Supp.2000) provides:

(b) Death of Partner. On the death of a partner, the partner's surviving spouse, if any, and the partner's heirs, legatees, or personal representative, to the extent of their respective partnership interests, shall be regarded for purposes of this Act as transferees of the partnership interests from the partner.

over a case amounts to a void order beyond its power or jurisdiction to enter, mandamus may be appropriate. *In re Rio Grande Valley Gas Co.*, 987 S.W.2d 167, 172–73 (Tex.App.Corpus Christi 1999, orig. proceeding).

Here, the probate court, under the explicit authority of Section 5B, ordered transfer of the partnership suit. The district court ordered the appointment of a receiver to oversee property also subject to the jurisdiction of the probate court. The continued maintenance of the partnership suit, and particularly the receivership in the District Court of Lamar County, will obviously conflict with the probate court's jurisdiction. Thus, mandamus will lie. *In re Rio Valley Gas Co.*, 987 S.W.2d at 172.

Relators contend that because they pleaded for dismissal of the partnership suit in the district court, we should afford them that remedy. Alternatively, they request that we order the suit transferred to the probate court. We have held that an appropriate ground for mandamus is to resolve the conflict in jurisdictions between the two courts. Therefore, we find that transferring the suit in accordance with the probate court's order is the proper remedy. We direct the district court to order the transfer of the partnership suit to the probate court. We are confident that the district court will comply. The writ will issue only if it fails to do so. We deny the petition for mandamus against the district clerk of Lamar County.