In The

Court of Appeals

For The

First District of Texas






NO. 01-02-00679-CV






RELIANT ENERGY, INCORPORATED, Appellant


V.


JANNETE GONZALEZ, AS DEPENDENT ADMINISTRATOR OF THE ESTATE
OF GUADALUPE GONZALEZ, JR., DECEASED, Appellee






On Appeal from the 113th District Court

Harris County, Texas

Trial Court Cause No. 2002-21820






D I S S E N T I N G O P I N I O N


 I dissent. In my opinion, the trial court properly denied the application for an
anti-suit injunction.


 Dominant Jurisdiction

 As a general rule, if two lawsuits concerning the same controversy and parties
are pending in courts of coordinate jurisdiction, the court in which suit was "first
filed" acquires "dominant jurisdiction" to the exclusion of the other court. Wyatt v.
Shaw Plumbing Co., 760 S.W.2d 245, 248 (Tex. 1988); Clawson v. Millard, 934
S.W.2d 899, 900 (Tex. App.--Houston [1st Dist.] 1996, orig. proceeding). 

 In this case, both the Harris County district court and the Hidalgo County
probate court had subject matter jurisdiction over Gonzalez's wrongful death claim. 
Tovias v. Wildwood Properties Partnership, L.P., 67 S.W.3d 527 (Tex.
App.--Houston [1st Dist.] 2002, no pet.); see also Tex. Prob. Code Ann. § 5A
(Vernon Supp. 2002) ( "statutory probate court has concurrent jurisdiction with the
district court in all actions . . . by or against a person in the person's capacity as a
personal representative. . ."). Therefore, because Gonzalez filed her lawsuit in
Hidalgo County first, that court acquired dominant jurisdiction over the case. Wyatt,
760 S.W.2d at 248.

 However, there are three exceptions to the "first filed" rule, one of which
Reliant claims applies to this case. Under the first exception, the Hidalgo County
court will not have dominant jurisdiction if Gonzalez engaged in inequitable conduct
that estops her from asserting prior active jurisdiction. See Wyatt, 760 S.W.2d at 248;
Clawson, 934 S.W.2d at 901. The type of misconduct necessary to invoke this
exception "must in some manner involve or circumvent the choice of forum." Sweezy
Constr., Inc. v. Murray, 915 S.W.2d 527, 532 (Tex. App.--Corpus Christi 1995, orig.
proceeding).

 Reliant points out that in 1995, the Texas Legislature made substantial
amendments to the venue provisions of the Civil Practice & Remedies Code, and the
most important of these changes was that the determination of proper venue for an
action by or against a personal representative for personal injury, death, or property
damage is no longer made under the Probate Code, but rather under section 15.007
of the Civil Practice & Remedies Code. (1) Tex. Civ. Prac. & Rem. Code Ann. §
15.007 (Vernon Supp. 2002). However, in 1999 the legislature amended section 5B
of the Probate Code (2) and apparently did not perceive a conflict between venue statute
section 15.007 of the Civil Practice and Remedies Code and section 5B of the Probate
Code. If the Legislature had wanted to except personal injury, death, or property
damage causes of action from the authority given to a probate court to transfer a case
from a district court to a probate court, it could have done so, but it did not.

 Reliant claims that Gonzalez is trying to "circumvent the choice of forum" by
filing identical lawsuits, in different venues, and then utilizing section 5B of the
probate code to facilitate "forum shopping." Reliant claims that Gonzalez initially
filed suit in the wrong venue, Hidalgo County, and is now trying to "launder" her
venue error by filing suit in Harris County, a county of proper venue, and then
transferring the case back to Hidalgo County by requesting a 5B transfer motion. 

 However, any conflict between section 15.007 of the Civil Practice and
Remedies Code and the venue statutes of the probate code would not affect a probate
court from granting a 5B transfer, because section 5B is not a venue statute. Tex. 
Prob. Code Ann. § 5B (Vernon Supp. 2002). Several courts have noted that section
15.007 does not prevent transfers pursuant to section 5B of the Probate Code because
that section of the Probate Code deals with jurisdiction, not venue. See In re J7S Inc.,
979 S.W.2d 374, 378 (Tex. App.--Houston [14th Dist.] 1998, orig. proceeding)
(noting that section 5A of the Probate Code is a jurisdictional statute), In re Ford
Motor Co., 965 S.W.2d 571, 575 (Tex. App.--Houston [14th Dist.] 1997, orig.
proceeding) (same); see also Henry v. LaGrone, 842 S.W.2d 324, 327 (Tex.
App.--Amarillo 1992, orig. proceeding) (same). 

 Regardless of which court has dominant jurisdiction or where venue for this
case is proper, section 5B of the Probate Code (3) expressly authorizes a statutory
probate court, such as the Hidalgo County Probate Court, to transfer a suit pending
in a district court, to itself, when that suit is one in which a personal representative
of an estate is a party. Tex. Prob. Code Ann. § 5B (Vernon Supp. 2002); see also 
Greathouse v. McConnell, 982 S.W.2d 165, 171 (Tex. App.--Houston [1st Dist.]
1998, pet. denied). 

 Although venue for Gonzalez's wrongful death suit may have been appropriate
only in Harris County, I would hold that the express transfer authority granted by
section 5B applies notwithstanding the venue statutes. See In re Ramsey, 28 S.W.3d
58, 59-60 (Tex. App.--Texarkana 2000, no pet.); see also In re J7S Inc., 979 S.W.2d
at 377-78, LaGrone, 842 S.W.2d at 327; Lanier v. Stem, 931 S.W.2d 1, 2-3 (Tex.
App.--Waco 1996, orig. proceeding). 

 For example, in Henry v. LaGrone, the trustee of a trust for an incompetent
adult filed a petition for declaratory relief in a district court, even though other
matters with respect to the estate were ongoing in probate court. 842 S.W.2d at
325-26. After the probate court entered an order directing the district court to transfer
the case, the district court refused to comply and issued a writ of prohibition. Id. 
Relators then sought a writ of mandamus against the district court judge for refusing
to comply with the transfer order. Id. On appeal, the Amarillo Court of Appeals held
that, even though venue was appropriate in the district court, section 5B of the
Probate Code authorized the statutory probate court to transfer the suit
notwithstanding any mandatory venue provisions. Id. at 327.

 Similarly, in In re Ramsey, a claim was instituted in district court involving a
partnership in which the decedent had been a partner. 28 S.W.3d 58, 59-60 (Tex.
App.--Texarkana 2000, no pet. h.). Because the representative of the decedent's
estate was named as a party to the suit, the probate court where the decedent's estate
was being administered ordered that the partnership action should be transferred to
the probate court for resolution. Id. After the district court refused to transfer the
case, the representative of the decedent's estate sought a writ of mandamus to force
the district court to transfer the suit. Id. On appeal, the Texarkana Court of Appeals
held that, although venue of the partnership suit may have been appropriate where it
was filed, "the express transfer authority granted by section 5B applies
notwithstanding the venue statute" and, "when faced with the probate court's transfer
order, the district court was required to transfer the suit." Id. at 61. 


 Thus, even assuming that the Harris County district court had dominant
jurisdiction over the wrongful death case and that venue was proper only in Harris
County, the Harris County district court would still be required to transfer the case
back to Hidalgo County when faced with the 5B transfer order. Since 1983 when
section 5B was added to the Probate Code, it appears to be clear that the intent of the
Texas Legislature is to allow consolidation of all causes of action incident to an estate
in the statutory probate court in order to promote efficient administration of estates
and judicial economy. Id. at 63. By denying Reliant's request for an anti-suit
injunction, I believe the district court was promoting that purpose and did not abuse
its discretion. 


Conclusion

 I would affirm the order denying the application for an anti-suit injunction.





 Jackson B. Smith, Jr. (4)

 Justice


Panel consists of Justices Mirabal, Taft, and Smith.

Justice Mirabal dissented from the panel's decision to affirm the trial court's order.

En banc consideration was requested. Tex. R. App. P. 41.2(c).

A majority of the Court voted for en banc consideration of the panel's decision. See
id.


The en banc Court consists of Justices Mirabal, Taft, Nuchia, Jennings, Radack,
Keyes, Alcala, and Smith.


Justice Mirabal, writing for the majority of the en banc Court, joined by Justices
Nuchia, Jennings, Radack, Keyes, and Alcala. See Tex. R. App. P. 47.5.


Justice Smith, joined by Justice Taft, dissenting from the judgment of the en banc
Court. See id.


Chief Justice Schneider and Justice Hedges not participating. See id.



Publish. Tex. R. App. P. 47.4.
1. Section 15.007 states as follows:


 Notwithstanding Sections 15.004, 15.005, and 15.031 of the Civil Practice and
Remedies Code, to the extent that venue under this chapter for a suit by or
against an executor, administrator, or guardian as such, for personal injury,
death, or property damage conflicts with venue provisions under the Texas
Probate Code, this chapter controls.
2. Act of May 20, 1999, 76th Leg., R.S., ch. 1431, § 1, sec. 5B, 1999 Gen. Laws
4876, 4876.
3. Section 5B states:


 A judge of a statutory probate court, on the motion of a party to the
action or on the motion of a person interested in an estate, may transfer
to his court from a district . . . court a cause of action appertaining to or
incident to an estate pending in the statutory probate court or a cause of
action in which a personal representative of an estate pending in the
statutory probate court is a party and may consolidate the transferred
cause of action with the other proceedings in the statutory probate court
relating to that estate.
4. The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First
District of Texas at Houston, participating by assignment.