NUMBER 13-03-00696-CV
 
 
COURT OF APPEALS
 
THIRTEENTH DISTRICT OF TEXAS
 
CORPUS CHRISTI - EDINBURG





 


IN RE: THE JOHN G. AND MARIE STELLA 
KENEDY MEMORIAL FOUNDATION, et al.,                              Relators.






On Petition for Writ of Mandamus





DISSENTING OPINION
Before Chief Justice Valdez and Justices Hinojosa and Castillo

Dissenting Opinion by Justice Castillo

         I respectfully dissent. I would deny the petition on the merits. The underlying
litigation in this original proceeding chronicles imperishable claims to the real property
of South Texas rancher John G. Kenedy, Jr., his wife Elena Suess Kenedy, and his
sister Sarita K. East. The family saga from which this petition for mandamus emerged
is serialized in prior opinions of this and other courts, where the reader can find a
complete list of the parties and other details.


 This latest chapter recounts the recent
claims of the real party in interest, Ann M. Fernandez. Fernandez alleges she is the
biological, extramarital daughter and sole heir of John G. Kenedy, Jr. I present only
an abbreviated summary of events here to place this request for extraordinary relief in
its proper context. 
         The John G. and Marie Stella Kenedy Memorial Foundation (the "Foundation"),
The John G. Kenedy, Jr. Charitable Trust (the "Trust"), and parties aligned with the
Trust


 challenge a statutory probate court judge's transfer of three bill-of-review
proceedings filed in district court by Fernandez. See Tex. Prob. Code Ann. § 5B.


 I
would deny the petition for writ of mandamus. 
I. THE ISSUES PRESENTED
         In a joint petition for mandamus, the Foundation and Trust assert they are
entitled to extraordinary relief to correct the statutory probate court judge's
interference with the jurisdiction of the district court by unilaterally transferring the bill-of-review proceedings.


 See id. The Foundation and Trust do not suggest that
Fernandez's claims are not "appertaining to or incident to an estate." See id. Rather,
they argue they are entitled to extraordinary relief because: (1) a bill of review must
be decided by the court that rendered the challenged judgment; and (2) no estate was
pending before the statutory probate court judge when the judge ordered the transfers. 
They conclude there is no adequate remedy for the statutory probate court judge's
interference with the district court's jurisdiction, citing In re SWEPI, L.P.,
85 S.W.3d 800 (Tex. 2002) (orig. proceeding). The Foundation and Trust point out
that the supreme court granted mandamus relief in In re SWEPI in reversing a statutory
probate court's section 5B transfer. See id. at 809; see also Tex. Prob. Code
Ann. § 5B. 
          Fernandez responds that the Foundation and Trust are not entitled to the
extraordinary remedy provided by mandamus. She directs our attention to the record. 
The record reflects that the Foundation and Trust: (1) successfully sought and do not
challenge the statutory probate court judge's assignment pursuant to section 5(b) of
the probate code;


 and (2) do not challenge the statutory probate court judge's transfer
of other proceedings as requested by the Foundation and Trust themselves.


 
         The Foundation and Trust counter that jurisdiction cannot be conferred by
agreement and may be challenged at any time. They acknowledge that pleas to the
jurisdiction, as incidental trial rulings for which the relator generally has an adequate
appellate remedy, ordinarily are not reviewable by mandamus. See In re SWEPI,
85 S.W.3d at 808. Nonetheless, the Foundation and Trust argue, mandamus relief is
appropriate when one court interferes with another court's jurisdiction. See id. at 809. 
I turn to a discussion of the statutory probate court legislative scheme and transfers
at issue. I present only an abbreviated summary of events here to place this original
proceeding in its proper context. 
II. THE CHALLENGED TRANSFERS
A. The Underlying Causes of Action
         On October 16, 2001, Fernandez filed in the County Court of Kenedy County,
Texas, sitting in probate, an "Application to Set Aside Order Probating Will with
Application for Declaration and Determination of Heirship" in Case No. 189 (Estate of
John G. Kenedy, Jr.). On May 8, 2002, she filed bill-of-review proceedings in a
"Plaintiff's Original Petition with Application for Temporary Restraining Order" in Case
No. 02-2331-C (Fernandez v. Exxon Mobil) in the 94th District Court of Nueces
County, Texas. On May 9, 2002, she filed bill-of-review proceedings in an
"Application for Declaration of Heirship and Suit for Accounting and Distribution" in
Case No. 344 (Estate of Sarita K. East) and in Case No. 379 (Estate of Elena Suess
Kenedy), also in the County Court of Kenedy County, Texas, sitting in probate. That
same day and in the same court, Fernandez filed bill-of-review proceedings in an
"Application for Declaration of Heirship and Suit for Accounting and Distribution" in
new Case No. 395 (Estates of John G. Kenedy, Jr., Sarita K. East, and Elena Suess
Kenedy). On May 14, 2002, Fernandez filed in the 105th District Court of Nueces and
Kenedy Counties a bill of review in an "Application for Declaration of Heirship and Suit
for Accounting and Distribution" in Case No. 02-2959-D (originally 101-209-D)
(Sarita K. East Will Contest). 
B. The Assignment of a Statutory Probate Court Judge with Transfer Power
1. The Statutory Authority for the Assignment
         Kenedy County does not have a statutory probate court. See Tex. Gov't Code
Ann. §§ 25.1331-.1340 (reserved for Kenedy County). In counties with no statutory
probate court, section 5(b) of the probate code outlines the following procedure in
contested probate matters: 
(b)In those counties in which there is no statutory probate
court, county court at law, or other statutory court exercising the
jurisdiction of a probate court, all applications, petitions, and motions
regarding probate and administrations shall be filed and heard in the
county court, except that in contested probate matters, the judge of the
county court may on the judge's own motion (or shall on the motion of
any party to the proceeding, according to the motion) request as provided
by Section 25.0022, Government Code, the assignment of a statutory
probate court judge to hear the contested portion of the proceeding, or
transfer the contested portion of the proceeding to the district court. . . . 
Tex. Prob. Code Ann. § 5(b). "Probate matter" is defined by section 3(bb) of the
probate code:
"Probate matter," "Probate proceedings," "Proceeding in probate," and
"Proceedings for probate" are synonymous and include a matter or
proceeding relating to the estate of a decedent.

Tex. Prob. Code Ann. § 3(bb). "Estate" is defined by section 3(l):
"Estate" denotes the real and personal property of a decedent, both as
such property originally existed and as from time to time changed in form
by sale, reinvestment, or otherwise, and as augmented by any accretions
and additions thereto (including any property to be distributed to the
representative of the decedent by the trustee of a trust which terminates
upon the decedent's death) and substitutions therefor, and as diminished
by any decreases therein and distributions therefrom. 

Tex. Prob. Code Ann. § 3(l). The county court is without discretion to ignore a party's
request for assignment of a statutory probate court judge under section 5(b). In re
Vorwerk, 6 S.W.3d 781, 784-85 (Tex. App.–Austin 1999, orig. proceeding). 
2. The Foundation's and the Trust's Requests for Assignment
         On May 14, 2002, the Foundation filed a motion in Case No. 395 that asked
the Kenedy County Court for assignment of a statutory probate court judge pursuant
to section 5(b). See Tex. Prob. Code Ann. § 5(b). The Foundation filed a similar
motion on May 15, 2002 in Case No. 344. On June 10, 2002, the Trust followed suit
in Case No. 395. That same day, the Kenedy County Court granted the Foundation's
and the Trust's motions for assignment of a statutory probate court judge. 
3. The Assignment Procedure
         Section 25.0022 of the government code governs the administration of
statutory probate courts and provides:
 
(h)A judge or a former or retired judge of a statutory probate court
may be assigned to hold court in a statutory probate court, county court, or any
statutory court exercising probate jurisdiction when:

* * *
 
(7)a county court judge requests the assignment of a
statutory probate judge to hear a probate matter in the county
court; 

* * *
 
(i)A judge assigned under this section has the jurisdiction,
powers, and duties given by Sections 5, 5A, 5B, 606, 607, and 608,
Texas Probate Code, to statutory probate court judges by general law. 
 
Tex. Gov't Code Ann. § 25.0022(h)(7), (i) (Vernon Supp. 2004). 
4. The Assignment
         On June 28, 2002, on the request of the Kenedy County Court, the presiding
statutory probate judge appointed a statutory probate court judge in Case
Nos. 344 and 395. The minute order documenting the assignment specifies that the
statutory probate court judge is "to preside over all contested matters in the above-referenced causes with all rights, powers and privileges held by the regular judge of
the court assigned and the attendant jurisdiction of a statutory probate court." 
5. The Transfer Power of Statutory Probate Court Judges
         Section 5B of the probate code applicable to this case ("Transfer of
Proceedings") provides:
A judge of a statutory probate court on the motion of a party to the
action or on the motion of a person interested in the estate, may transfer
to his court from a district, county, or statutory court a cause of action
appertaining to or incident to an estate pending in the statutory probate
court and may consolidate the transferred cause of action with the other
proceedings in the statutory probate court relating to that estate.
 
Tex. Prob. Code Ann. § 5B. A statutory probate court is defined in section 3(ii) of the
probate code as:
a statutory court designated as a statutory probate court under
Chapter 25, Government Code. A county court at law exercising probate
jurisdiction is not a statutory probate court under this Code unless the
court is designated a statutory probate court under Chapter 25,
Government Code. 

Tex. Prob. Code Ann. § 3(ii). Finally, section 5A(d) of the probate code provides that
"[a] statutory probate court may exercise the pendent and ancillary jurisdiction
necessary to promote judicial efficiency and economy." Tex. Prob. Code Ann. § 5A(d). 
         The purpose of this assignment and transfer statutory scheme is to promote
judicial economy and the efficient administration of estates by permitting
transfer of related proceedings from other courts. See Reliant Energy, Inc. v.
Gonzalez, 102 S.W.3d 868, 881 (Tex. App.–Houston [1st Dist.] 2003, pet. granted)
(en banc) (op. on reh'g); see In re Houston Northwest Partners, 98 S.W.3d 777,
780-81 (Tex. App.–Austin 2003, orig. proceeding) (citing In re Ramsey, 28 S.W.3d
58, 62-63 (Tex. App.–Texarkana 2000, orig. proceeding) ("Section 5B's purpose is
to allow consolidation of all causes of action incident to an estate in the statutory
probate court in order to promote efficient administration of estates and judicial
economy."); Henry v. LaGrone, 842 S.W.2d 324, 327 (Tex. App.–Amarillo 1992, orig.
proceeding) ("The purpose of Section 5B is to allow a statutory probate court to
consolidate all causes of action which are incident to an estate so that the estate can
be efficiently administered.")); see also In re Graham, 971 S.W.2d 56, 59-60 (Tex.
1998) (orig. proceeding) (discussing legislative intent "as evidenced by the
Legislature's persistent expansion of statutory probate court jurisdiction over the
years"). The transfer power conferred on statutory probate court judges allows
consolidation in one court of all causes of action incident to an estate. See Reliant
Energy, 102 S.W.3d at 881. 
6. The Foundation's and the Trust's Requests for Transfers
         On July 17, 2002, the Foundation sought transfer by the newly assigned
statutory probate court judge of the bills of review in Case No. 02-2331-C, pending
in the 94th District Court, and Case No. 02-2959-D, pending in the 105th District
Court. On July 19, 2002, the Trust also filed a motion to transfer but did not seek
transfer of Case No. 02-2959-D. On August 23, 2002, the Attorney General of the
State of Texas intervened. 
7. The Transfer Order
         The statutory probate court judge granted the Foundation's request and
transferred and consolidated Case No. 02-2959-D, along with the other transfers the
Foundation and Trust requested, by order dated November 5, 2002. The Foundation
and Trust now challenge the transfer of Case No. 02-2959-D from the 105th District
Court. They do not challenge the transfer of Case No. 02-2331-C from the 94th
District Court. 

8. Fernandez's Requests for Transfers
         On May 13, 2003, Fernandez filed bills of review in Case No. 03-CV-50
(originally Case No. 35) (Humble Oil v. East, et al.) and Case No. 03-CV-51 (originally
Case No. 85) (Garcia v. Kenedy Memorial Foundation), both in the 105th District
Court. On August 13, 2003, Fernandez filed motions to transfer and consolidate Case
Nos. 03-CV-50 and 03-CV-51 into Case No. 395. 
         At this point, the Foundation and Trust opposed Fernandez's requested transfers
from the 105th District Court of the bill-of-review proceedings in Case Nos. 03-CV-50
and 03-CV-51. They filed motions to dismiss, later joined by the Attorney General,


 
asserting that the statutory probate court lacked jurisdiction because: (1) there was
no currently pending estate matter to which its jurisdiction could attach or on which
jurisdiction over matters incident to an estate could attach; (2) only the court that
rendered the judgment being attacked has jurisdiction over a bill of review; and (3)
there was no statutory basis for the court's assumption of jurisdiction over the various
issues in the case. 
         On August 27, 2003, the statutory probate court judge granted Fernandez's
motion and transferred the two additional bill-of-review proceedings from the 105th
District Court. By order dated September 11, 2003, the statutory probate court judge
denied the Foundation's, the Trust's, and the Attorney General's motions to dismiss. 
In addition to the transfer of Case No. 02-2959-D, the Foundation and Trust now
challenge the transfers of Case Nos. 03-CV-50 and 03-CV-51. Each is a bill of review
attacking a final judgment or order of the 105th District Court. The other bills of
review filed by Hernandez attack a final judgment in the 94th District Court and
judgments or orders of the Kenedy County Court, including the probate of John G.
Kenedy, Jr.'s will. 

 III. DISPOSITION
A. Mandamus Standard of Review
         Mandamus is appropriate only when the record shows: (1) the trial court clearly
abused its discretion or violated a duty imposed by law; and (2) no adequate remedy
by appeal exists. In re Daisy Mfg. Co., 17 S.W.3d 654, 658 (Tex. 2000) (orig.
proceeding) (per curiam). A trial court abuses its discretion in determining the legal
principles that control its ruling if the court clearly fails to analyze or apply the law
correctly. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). 
B. Denial of Extraordinary Relief
         I assume, without deciding for purposes of this request for extraordinary relief,
that the Foundation and Trust's objections to the transfer of bill-of-review proceedings
to the statutory probate court judge are jurisdictional in nature. I agree with the
majority that the jurisdiction of a court cannot be conferred by consent, waiver, or
estoppel. See Fed. Underwriters Exch. v. Pugh, 174 S.W.2d 598, 600 (Tex. 1943);
Tourneau Houston, Inc. v. Harris County Appraisal Dist., 24 S.W.3d 907, 910 (Tex.
App.–Houston [1st Dist.] 2000, no pet.) (op. on reh'g).  Lack of subject-matter
jurisdiction is fundamental error and may be raised for the first time in an appellate
court. See Mapco, Inc. v. Carter, 817 S.W.2d 686, 687 (Tex. 1991) (per curiam).
         However, entitlement to extraordinary relief is subject to waiver principles
grounded in equity. See Rivercenter Assocs. v. Rivera, 858 S.W.2d 366, 367
(Tex. 1993) (orig. proceeding) ("Mandamus is an extraordinary remedy, not issued as
a matter of right, but at the discretion of the court. Although mandamus is not an
equitable remedy, its issuance is largely controlled by equitable principles.") (citation
omitted). "One such principle is that 'equity aids the diligent and not those who
slumber on their rights.'" Id. (quoting Callahan v. Giles, 155 S.W.2d 793, 795 (Tex.
1941) (orig. proceeding)). 
         The majority holds that the statutory probate court judge had no jurisdiction to
transfer the bill-of-review proceedings because there was no "estate pending" in front
of the statutory probate court judge at the time of the challenged transfers. I agree
that a statutory probate court judge's transfer authority under section 5B is predicated
on an "estate pending" to which the transferred case may attach. See Tex. Prob.
Code Ann. § 5B. However, assignment of a statutory probate court judge in the first
place only may occur in "contested probate matters." See Tex. Prob. Code
Ann. § 5(b). Thus, if either: (1) transfers were not authorized by section 5B because
there was no "estate pending"; or (2) assignment of a statutory probate court judge
was not authorized by section 5(b) because there were no "contested probate
matters," all of the judge's transfers would be subject to challenge, not just transfer
of the bill-of-review proceedings now challenged by the Foundation and Trust. 
See Reiss v. Reiss, 118 S.W.3d 439, 443 (Tex. 2003) (explaining difference
between void and voidable judgments); see also Shell Cortez Pipeline Co. v. Shores,
127 S.W.3d 286, 295 (Tex. App.–Fort Worth 2004, no pet.) (holding void for lack of
subject-matter jurisdiction class certification order signed by statutory probate court
judge). 
         Accordingly, I find dispositive the Foundation's and the Trust's requests for and
failure to challenge at the time either the statutory probate court judge's assignment
or the transfers, at their request, of Fernandez's other causes of action, including the
bills of review from the 94th District Court and from the Kenedy County Court sitting
in probate. Delay alone provides ample ground to deny mandamus relief. See In re
Xeller, 6 S.W.3d 618, 624 (Tex. App.–Houston [14th Dist.] 1999, orig. proceeding)
(and cited cases) (denying mandamus relief on laches grounds when sixteen months
after appointment of master, relators challenged initial appointment, not master's
recommendations). 
         Moreover, the question of abuse of discretion goes to whether the
statutory probate court judge acted without guiding rules and principles in transferring
the bill-of-review proceedings. See Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241-42 (Tex. 1985). I further distinguish In re SWEPI in that the
supreme court held there that the transferred suit was not appertaining to or incident
to the pending estate and therefore not subject to transfer. In re SWEPI, 85 S.W.3d
at 808. The Foundation and Trust do not suggest that Fernandez's bills of review are
not "appertaining to or incident to an estate." See Tex. Prob. Code Ann. § 5B. 
Rather, they rely solely on cases citing the general common-law principle that bills of
review are to be decided by the court whose judgment is being attacked. See e.g.,
Solomon, Lambert, Roth & Assocs., Inc. v. Kidd, 904 S.W.2d 896, 900 (Tex.
App.–Houston [1st Dist.] 1995, no writ). The Foundation and Trust cite no authority,
nor have I discovered any, expressly excluding bill-of-review proceedings
from the exercise, by a duly assigned statutory probate court judge, of the
transfer authority conferred by the assignment. See In re Am. Home Prods. Corp.,
980 S.W.2d 506, 510 (Tex. App.–Waco 1998, orig. proceeding) (denying mandamus
relief over discovery order where "Relators have cited no authority prohibiting
disclosure of the reports. . . ."). Thus, the guiding rules and principles applied by the
statutory probate court judge in this case were the specific powers and transfer
authority conferred by the probate and government codes and the more general
common law governing bills of review. The statutory probate court judge balanced
convenience with comity in favor of exercising the transfer power that flows from his
unchallenged assignment under section 5(b). See Tex. Prob. Code Ann. § 5(b). 
         The majority's decision leads to the extraordinary result that a duly assigned
statutory probate court judge would have no authority in other circumstances to
transfer, under section 5B, the same bill of review that gave rise to the assignment
under section 5(b) in this case. I would find that the statutory probate court judge's
decision to transfer the bills of review is consistent with the Legislature's intent in
conferring broad transfer powers on statutory probate courts. See In re Graham,
971 S.W.2d at 59-60. 
          I note that Fernandez has asserted either statutory bills of review under the
probate code or equitable bills of review. See Tex. Prob. Code Ann. §§ 31, 93
(statutes of limitation in statutory bills of review and will contests); see also Tex.
Civ. Prac. & Rem. Code Ann. § 16.051 (Vernon 1997) (residual limitations
period applicable to equitable bills of review). Both may be subject to the
discovery rule. See Vandehaar v. ALC Fin. Corp., 25 S.W.3d 406, 409 (Tex.
App.–Beaumont 2000, pet. denied) (equitable bill of review); see also Escontrias v.
Apodaca, 629 S.W.2d 697, 698 (Tex. 1982) (statutory bill of review under
section 93). As the majority notes, whatever the merits of Fernandez's attacks on the
earlier judgments, she must prove her entitlement to prevail on the merits of her bills
of review. She must hurdle the applicable statutes of limitation in each case as well. 
The decisions in those cases now will be made by different judges. The majority
opinion leaves these parties with all the potential for duplicative effort and
expenditures and inconsistent results inherent in parallel adjudications of the same
rights between the same parties. 
          Finally, in determining if mandamus should issue, we cannot plumb the
subjective reasoning of the court below. In re Bristol-Myers Squibb Co.,
975 S.W.2d 601, 605 (Tex. 1998) (orig. proceeding). We must focus on the record
before the court and whether the decision not only was arbitrary but also amounted
"'to a clear and prejudicial error of law.'" Walker, 827 S.W.2d at 839 (quoting
Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig.
proceeding)). Given the pendency before the statutory probate court judge of other
unchallenged proceedings that assert Fernandez's claim to the Kenedy estate, this
record does not show that the Foundation and Trust will be prejudiced by transfer and
consolidation of Fernandez's district court bills of review with the other proceedings. 
See In re Bristol-Myers, 975 S.W.2d at 605; see also Walker, 827 S.W.2d at 839. 
         For each of these reasons, I cannot say the Foundation and Trust have satisfied
the onerous burden of demonstrating that the statutory probate court judge clearly
failed to analyze or apply the law correctly. See Walker, 827 S.W.2d at 840. 
Accordingly, I would find no abuse of discretion by the statutory probate court judge
who, while serving at the Foundation and Trust's behest, transferred bills of review
and consolidated them with other proceedings already transferred, also at their
request.


 Equity does not permit the Foundation and Trust to dismantle only part of
the statutory probate court judge's exercise of section 5B's transfer authority while
enjoying the convenience and consistency of consolidated proceedings through the
conclusion of the remainder of this litigation. Mandamus is not appropriate. 
 IV. CONCLUSION
         I would deny the Foundation and Trust's request for extraordinary relief. I
would express no opinion in this proceeding on the merits of the Foundation's and the
Trust's motions to dismiss.


 See State Bd. of Ins. v. Williams, 736 S.W.2d 260, 261
(Tex. App.–Austin 1987, orig. proceeding). 

                                                                        ERRLINDA CASTILLO
                                                                        Justice


Dissenting Opinion delivered and filed 
this 16th day of June, 2004.