**In re AZLE MANOR, INC., Kinny Pack, Glenda Hatton, and Renea Cunningham, Relators.**

**No. 2–02–077–CV.**

Court of Appeals of Texas, Fort Worth.

Aug. 28, 2002.

Arter & Hadden, L.L.P., Jeffrey W. Hellberg, Jr., Donald F. Flanary, Jr., Dallas, Best & Spruill, P.C., Delta S. Best, Allison L. Spruill, Austin, for Relators.

Law Office of Steven C. Laird, Steven C. Laird, Fort Worth, Lyons & Rhodes, P.C., J. Thomas Rhodes, III, San Antonio, for Real-Party-In-Interest.

Panel A: CAYCE, C.J.; DAY and GARDNER, JJ.

### OPINION

JOHN CAYCE, Chief Justice.

This mandamus proceeding arises out of a will contest pending in Probate Court No. 2 of Tarrant County, Texas, involving the Estate of Doris Kovenz, deceased. Relators have filed this original proceeding requesting that we issue a writ of mandamus ordering the statutory probate court to transfer and consolidate a survival cause of action filed by Susanna Kay Marx, as Administratrix of the Estate of Doris Kovenz, against relators in the 236th Judicial District Court of Tarrant County. Relators claim that because the probate proceedings were filed first, and were pending

when the survival action was filed in district court, the probate court has exclusive, mandatory jurisdiction over the survival action. We deny relators' petition for writ of mandamus.

Marx was appointed temporary administratrix of the decedent's estate on December 3, 1998. On February 26, 1999, Diane Bryan applied for the probate of the decedent's written will. On March 4, 1999, Marx contested the probate application. On July 7, 2000, Marx, as administratrix of the estate, filed a survival action in district court against relators Azle Manor, Inc., Kinny Pack, Glenda Hatton, and Renea Cunningham for damages based on negligence, gross negligence, and injury to the elderly.

On January 31, 2002, relators filed a motion to recuse the district court judge. The motion was set to be heard on February 7, 2002, but at the beginning of the hearing, relators dismissed their motion and told the district court judge that about an hour earlier they had decided to file a motion to transfer in the probate court. The probate court initially granted the motion to transfer, but then vacated the order and denied the motion on February 28. Trial in the district court was specially set for March 18, 2002.

On March 4, 2002, relators filed their petition for writ of mandamus in this court along with a request for temporary relief. We granted temporary relief on March 8, 2002, staying all proceedings in the district court and probate court pending resolution of the mandamus proceeding.

In deciding whether a writ of mandamus is appropriate, we recognize that mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law.[1] A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.[2] A trial court has no discretion in determining what the law is or in applying the law to the facts.[3] Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result in mandamus.[4] Mandamus will not issue to correct an abuse of discretion, however, where there is an adequate remedy at law, such as a normal appeal.[5]

The issue we must decide in this proceeding is whether the judge of the probate court abused his discretion by refusing to transfer the survival action from the district court to the probate court under section 5B of the probate code because the probate proceedings involving the decedent's estate were filed before the survival action was filed. Section 5B, effective September 1, 1999, states:

> A judge of a statutory probate court, on the motion of a party to the action or on the motion of a person interested in an estate, *may transfer* to his court from a district, county, or statutory court a cause of action appertaining to or incident to an estate pending in the statutory probate court or a cause of action in which a personal representative of an estate pending in the statutory probate

---

**1.** *In re Long,* 984 S.W.2d 623, 625 (Tex.1999) (orig. proceeding); *In re Goldblatt,* 38 S.W.3d 802, 804 (Tex.App.-Fort Worth 2001, orig. proceeding).

**2.** *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex. 1992) (orig.proceeding).

**3.** *Id.* at 840.

**4.** *Id.*

**5.** *Id.; Dallas Fire Ins. Co. v. Davis,* 893 S.W.2d 288, 291 (Tex.App.-Fort Worth 1995, orig. proceeding).

court is a party and may consolidate the transferred cause of action with the other proceedings in the statutory probate court relating to that estate.[6]

Relators contend that Marx's survival suit is "appertaining to and incident to" the pending estate proceedings, and therefore, the probate court has exclusive jurisdiction over the suit while the estate is pending in that court. We need not address this issue, however, because we conclude that, based on the language of section 5B, the probate court judge did not abuse his discretion in refusing to transfer the survival suit to the probate court.

■ Section 5B specifically authorizes a statutory probate court to transfer to itself two categories of cases: (1) those cases that are "appertaining to or incident to an estate pending in the statutory probate court"; and (2) those cases "in which a personal representative of an estate pending in the statutory probate court is a party."[7] The purpose of this transfer authority is to allow consolidation of all causes of action incident to an estate in the statutory probate court to promote efficient administration of the estate and judicial economy.[8] The language of section 5B granting transfer authority to the statutory probate court, however, is permissive.[9] Therefore, we cannot say that the probate court judge's refusal to transfer the survival action to his court from the district court was an abuse of discretion.[10]

Relators cite and discuss five court of appeals decisions to support their argument that transfer of the survival action to the probate court is mandatory, not discretionary. None of these cases are applicable, however, because they do not address the question before us: whether it is an abuse of discretion for the judge of a statutory probate court to deny a motion to transfer a survival action to the probate court from a district court, when the decedent's estate is pending in the probate court.[11]

---

6. TEX. PROB.CODE ANN. § 5B (Vernon Supp. 2002) (emphasis supplied).

7. *Id.*

8. *In re Ramsey*, 28 S.W.3d 58, 62–63 (Tex. App.-Texarkana 2000, orig. proceeding).

9. TEX. GOV'T CODE ANN. § 311.016(1) (stating word " 'may' creates discretionary authority").

10. *Cf. Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex.1998) (Declaratory Judgments Act provides that the court "may" award attorney fees; thus Act affords trial court discretion in deciding whether to award attorney fees or not); *Hagood v. City of Houston Zoning Bd. of Adjustment*, 982 S.W.2d 17, 18 (Tex.App.-Houston [1st Dist.] 1998, no pet.) (granting of writ of review of zoning board decision is discretionary because applicable statute states that district court "may" issue writ); *Harris County Dist. Attorney's Office v. Jimenez*, 886 S.W.2d 521, 522 (Tex.App.-Houston [1st Dist.] 1994, writ denied) (trial court does not abuse its discretion in denying expunction because

statute provides that court "may expunge" record of persons acquitted by higher court).

11. *See Saenz v. Saenz*, 49 S.W.3d 447, 449–50 (Tex.App.-San Antonio 2001, no pet.) (district court properly dismissed trespass to try title case for lack of subject matter jurisdiction because land was subject to probate and thus appertaining to or incident to an estate); *Tex. Commerce Bank–Rio Grande Valley, N.A. v. Correa*, 28 S.W.3d 723, 726–27 (Tex.App.-Corpus Christi 2000, pet. denied) (holding that probate court has exclusive jurisdiction to hear matters involving the foreclosure of estate property when estate administration is pending in probate court); *Herring v. Welborn*, 27 S.W.3d 132, 140 (Tex.App.-San Antonio 2000, pet. denied) (holding that district court lacked subject matter jurisdiction over surviving spouse's challenge to county court's order authorizing sale of community property where property was subject to probate); *Burns v. Burns*, 2 S.W.3d 339, 344 (Tex.App.-San Antonio 1999, no pet.) (district court's exercise of concurrent jurisdiction over suit for accounting of estate assets was improper when administration of estate was already

Relators argue that the permissive language in section 5B is superseded by the mandatory language in the last sentence of section 5A(b), which provides, "In situations where the jurisdiction of a statutory probate court is concurrent with that of a district court, any cause of action appertaining to estates or incident to an estate *shall be brought* in a statutory probate court rather than in the district court." [12] Contrary to relators' argument, however, nothing in this section or any other part of the probate code evidences a legislative intent that the "shall be brought" language limits or restricts the discretion the legislature granted statutory probate courts in section 5B to determine whether to transfer an existing case from district court. In fact, interpreting the "shall be brought" language in section 5A(b) as mandating the transfer of cases to probate from district court would create a patently irreconcilable conflict with the permissive "may transfer" language in section 5B, and be inconsistent with other permissive language within section 5A(b) which provides that statutory probate courts "may" hear suits over which they have jurisdiction.[13]

It is well established in Texas that where statutes may be in conflict, courts should harmonize them to "give effect to both by assigning each a meaning that will permit each to stand." [14] A court should not assign a meaning to a statutory provision that would be inconsistent with other provisions of the same act.[15] One provision should not be given a meaning out of harmony or inconsistent with other provisions, even though it might be susceptible to such a construction standing alone.[16]

Applying these established rules of statutory construction to the pertinent parts of sections 5A(b) and 5B, and having determined that the permissive "may transfer" language in section 5B expresses a clear legislative intent that the transfer authority of statutory probate courts is discretionary, we conclude that the seemingly inconsistent "shall be brought" language in the last sentence of section 5A(b) is not to be read as limiting or restricting the exercise of that discretion. Instead, we hold that the intent of this language is to direct parties with a cause of action appertaining to estates or incident to an estate to bring such actions in statutory probate court in the first instance rather than district court.

Because the probate court did not abuse its discretion in refusing to transfer the

---

pending in probate court); *Henry v. LaGrone,* 842 S.W.2d 324, 326 (Tex.App.-Amarillo 1992, orig. proceeding) (because section 5B of probate code "authorizes" probate court to transfer causes appertaining to or incident to an estate when certain conditions are met, probate court did not abuse its discretion in transferring case involving property subject to probate).

12. Tex. Prob.Code Ann. § 5A(b) (emphasis supplied). Section 5A(c)(1) of the code provides that "a statutory probate court has concurrent jurisdiction with the district court in all actions ... by or against a person in the person's capacity as a personal representative." *Id.* § 5A(c)(1).

13. *Id.* § 5A(b) ("All statutory probate courts *may,* in the exercise of their jurisdiction, notwithstanding any other provisions of this Code, hear all suits, actions, and applications ....") (emphasis supplied).

14. *Valero Transmission Co. v. Hays Consol. Indep. Sch. Dist.,* 704 S.W.2d 857, 864 (Tex. App.-Austin 1985, writ ref'd n.r.e.).

15. *Clint Indep. Sch. Dist. v. Cash Invs., Inc.,* 970 S.W.2d 535, 539 (Tex.1998).

16. *Tex. Dep't of Transp. v. Needham,* 45 Tex. Sup.Ct. J. 631, 633, 2002 WL 924463, at *4 (May 9, 2002).

survival action to itself from the district court in which the action was first filed, relators' petition for writ of mandamus is denied.